[S.F. No. 24985. Oct. 3, 1986.]

In re FRANK J. CREEDE, JR.,
a Judge of the Superior Court, on Censure.

**OPINION**

**THE COURT.**\*—The Commission on Judicial Performance has recommended that we publicly censure Frank J. Creede, Jr., a Judge of the Superior Court of Fresno County, for "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." (Cal. Const., art. VI, § 18, subd. (c)(2).) He has not requested review of the recommendation. Under California Rules of Court, rule 919(c), that failure "may be deemed a consent to a determination on the merits based upon the record filed by the Commission."

The record reveals that Judge Creede is a diligent, hardworking and highly respected judge. Nonetheless, clear and convincing evidence supports the conclusion that he violated canon 3A(5) of the California Code of Judicial Conduct, which states that "A judge should dispose promptly of the business of the court." During a five-year period, between March 1979 and April 1985, Judge Creede repeatedly and unjustifiably delayed filing decisions in cases submitted to his court. During this time, he continued to execute erroneous salary affidavits and to collect his salary even though submitted cases remained pending and undecided in his court for periods in excess of 90 days. (See Cal. Const., art. VI, § 19; Gov. Code, § 68210; *Mardikian v. Commission on Judicial Performance* (1985) 40 Cal.3d 473 [220 Cal.Rptr. 833, 709 P.2d 852].) He did not, however, knowingly falsify the salary affidavits, and did not intentionally or maliciously disregard his adjudicative responsibilities. There was no credible evidence of actual prejudice from the delays, which were partially attributable to an excessive workload and inadequate support staff. Yet he could have taken steps to monitor his cases and to dispose more promptly of submitted matters. Since the protracted delays served to damage the esteem of the public for the judiciary, his conduct was ". . . prejudicial to the administration of justice . . . ."

---

\*Bird, C. J., did not participate.

While some members of this court would prefer a private admonishment, Judge Creede has foreclosed this sanction as a practical matter by waiving the confidentiality provisions. After reviewing the record, we are satisfied that the conclusion of the commission is justified, and that its recommendation should be adopted. This order will serve as the appropriate sanction.